IN THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES R. BUNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| vs. ) | |
| ) | |
| GREAT SOUTHERN BANK, ) | |
| ) | |
| Defendant. ) | |

### NOTICE OF REMOVAL

Defendant Great Southern Bank ("Great Southern") hereby removes this action from the Circuit Court of Rock Island County, Illinois to the United States District Court for the Central District of Illinois, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and respectfully files this Notice of Removal, stating:

1.  On May 25, 2017, Plaintiff James R. Bunn commenced this action by filing a Complaint at Law in the Circuit Court of Rock Island County, Illinois, where it was assigned Case Number 17L-60.

2.  As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332.

**I.    GREAT SOUTHERN HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

3.  Great Southern was served with the Summons and Complaint at Law on June 7, 2017. Great Southern did not receive a copy of the Complaint at Law prior to June 7, 2017.

4.	Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. §§ 1441 and 1446.

5.	The Circuit Court of Rock Island County, Illinois is located within the Central District of Illinois.  28 U.S.C. § 93(b).  Venue, therefore, is proper in this Court.  28 U.S.C. § 1441(a).

6.	Great Southern is the only defendant in the action.  *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action").

7.	No previous application has been made for the relief requested by this Notice.

8.	Pursuant to 28 U.S.C. § 1446(a), a copy of Summons and Complaint at Law are attached as **Exhibit A**.  No other process, pleadings, or orders have been served on Great Southern.

9.	Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served upon counsel for Plaintiff and a copy will be filed with the Clerk of the Circuit Court of Rock Island County, Illinois.

**II.	REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441.**

10.	Plaintiff alleges that, from August 10, 2011 until June 20, 2014, he was an employee of Valley Bank Illinois (the "Valley Bank").  Complaint at Law, Count I, ¶ 4.

11.	On June 20, 2014, the Illinois Department of Financial and Professional Regulation, Division of Banking, closed Valley Bank and, pursuant to 12 U.S.C. § 1821(c)(3)(A), appointed the FDIC as Receiver for Valley Bank.

12.	On June 20, 2014, pursuant to 12 U.S.C. § 1821(d)(2)(G)(i)(II), the FDIC, as Receiver for Valley Bank, entered into a Purchase and Assumption Agreement with Great

Southern. Under the Purchase and Assumption Agreement, Great Southern purchased certain specified assets and assumed certain specified liabilities of Valley Bank.

13. Great Southern did not assume the alleged obligations of Valley Bank to Mr. Bunn on which this action is based.

14. Mr. Bunn's attempt to hold Great Southern liable for obligations of Valley Bank violates provisions of the Financial Institutions Reform, Recovery, and Enforcement Act, including 12 U.S.C. § 1821(d)(13)(D)(ii), § 1821(e), and § 1828(k), and its implementing regulations.

15. Plaintiff's right to relief turns on the construction or application of federal law.

16. Plaintiff's right to relief requires resolution of a substantial question of federal law in dispute between the parties.

17. The action, therefore, arises under the laws of the United States and the Court has jurisdiction under 28 U.S.C. § 1331.

### III.  REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

18. There is complete diversity between Plaintiff and Great Southern.

19. Plaintiff is, and was at the time he commenced this action, a citizen of the State of Iowa. Complaint at Law, Count II, ¶ 1. Plaintiff is not, and was not at the time he commenced this action, a citizen of the State of Missouri.

20. Great Southern is, and was at the time Plaintiff commenced this action, a banking corporation organized under the laws of the State of Missouri, with its principal place of business in the State of Missouri. Great Southern, therefore, is, and was at the time Plaintiff commenced this action, a citizen of the State of Missouri for purposes of determining diversity of

citizenship. 28 U.S.C. § 1332(c)(1). Great Southern is not, and was not at the time Plaintiff commenced this action, a citizen of the State of Iowa.

21. Count I of the Complaint at Law prays for a judgment against Great Southern "in an amount equal to $600,946.36 plus the additional statutory penalty of $396,624.60 plus" alleged statutory attorneys' fees. Complaint at Law at 4.

22. Count II of the Complaint at Law prays for a judgment against Great Southern "in an amount equal to unpaid wages of $600,946.36 plus the liquidated damages amount of $600,946.36 plus" alleged statutory attorneys' fees.

23. This, therefore, is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, between citizens of different states and the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

## CONCLUSION

24. Pursuant to 28 U.S.C. § 1441 and other applicable statutes, all of which Defendants have satisfied, this cause of action is removable to the United States District Court for the Central District of Illinois.

WHEREFORE, Defendant Great Southern respectfully removes this action from the Circuit Court of Rock Island County, Illinois to this Court pursuant to 28 U.S.C. § 1441.

                              **STINSON LEONARD STREET LLP**

                              /s/  Benjamin D. Woodard
                              Benjamin D. Woodard - IL Bar No. 6319585
                              7700 Forsyth Blvd, Suite 1100
                              St. Louis, MO 63105-1821
                              Telephone: 314-259-4539
                              Email: benjamin.woodard@stinson.com

>J. Emmett Logan
>Ashley Dillon
>1201 Walnut Street, Suite 2900
>Kansas City, MO  64106
>Telephone:  816-842-8600
>Facsimile:  816-691-3495
>Email: emmett.logan @stinsonleonard.com
>           ashley.dillon@stinsonleonard.com
>
>ATTORNEYS FOR DEFENDANT
>GREAT SOUTHERN BANK

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2017, I electronically filed the foregoing with the Clerk of the U.S. District Court by using the CM/ECF system and placed a copy in the United States mail, postage prepaid, addressed to:

>Stephen T. Fieweger
>5157 Utica Ridge Road
>Davenport, IA 52807
>Attorney for Plaintiff

>/s/  Benjamin D. Woodard
>Attorney for Great Southern Bank